Thomas B. Thayer *vs.* Charles A. Tyler & trustee.

One who under authority of the judge of probate and insolvency has sold property mortgaged by an insolvent debtor, on the petition of the mortgagee, and holds the avails, is not liable to be charged on a trustee process as trustee of the mortgagee.

Trustee process. John M. Daniels, the trustee, stated in his answer that he was assignee in insolvency of William H. Horton, and, having taken possession of certain personal property

mortgaged by Horton to the defendant, the latter presented his petition to the judge of insolvency praying that the property might be sold and the avails of the sale applied towards the payment of his debt; and, in pursuance of an order of the judge to that effect, he sold the property, and held the avails thereof, which amounted to about $240. Upon this answer the trustee was discharged in the superior court, and the plaintiff appealed to this court.

*T. G. Kent*, for the plaintiff.

*P. C. Bacon*, for the defendant.

CHAPMAN, J. It has been decided that no person, deriving his authority from the law, and obliged to execute it according to the rules of law, can be held by the trustee process, except so far as he is expressly made liable by statute. *Colby* v. *Coates*, 6 Cush. 558. By *St.* 1858, *c.* 40, a dividend of a creditor in the hands of the assignee of an insolvent debtor, is attachable by this process. But the money in the hands of Daniels is not a dividend, and so not within the statute. The only remaining ground on which the plaintiff can claim it is, that it is not held by authority of law. The plaintiff contends for this position, because the sale of the property was made upon the petition of the creditor, who must join in the conveyance, and is entitled to the avails, to the full amount of his debt, if they are sufficient. But these considerations cannot prevail. For although the creditor is an actor, by making a petition for the sale and joining in the conveyance, yet the sale is made by the assignee or other person appointed by the judge of insolvency, under authority derived from him, and he must make return of his doings, obtain an allowance of his account of expenses, and then hold and apply the balance upon the claims of such creditors as the judge shall direct. The receipt of the creditor would not relieve him from this responsibility, because all the other creditors are interested in having the money properly applied. The money is thus held under authority of law till it is applied and paid over.

*Trustee discharged.*